TRACY L. WILKISON
Acting United States Attorney
ROSS M. CUFF
Assistant United States Attorney
Deputy Chief, Civil Fraud Section
FRANK D. KORTUM
Assistant United States Attorney
California State Bar No. 110984
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Tel: (213) 894-6841; Fax: (213) 894-7819
    E-mail:  frank.kortum@usdoj.gov

Attorneys for the United States of America

FILED
CLERK, U.S. DISTRICT COURT
8/11/21
CENTRAL DISTRICT OF CALIFORNIA
BY: ____SE____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel*. **[UNDER SEAL]**,<br><br>    Plaintiff[s],<br><br>    v.<br><br>**[UNDER SEAL]**,<br><br>    Defendant[s]. | No. CV 20-03176-ODW (JPRx)<br><br>STATEMENT OF INTEREST BY THE UNITED STATES REGARDING UNSEALING COMPLAINT; DECLARATION OF FRANK D. KORTUM<br><br>**[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)]**<br><br>[LODGED CONCURRENTLY HEREWITH:  (1) [PROPOSED] ORDER UNSEALING COMPLAINT] |

1  TRACY L. WILKISON
   Acting United States Attorney
2  ROSS M. CUFF
   Assistant United States Attorney
3  Deputy Chief, Civil Fraud Section
   FRANK D. KORTUM
4  Assistant United States Attorney
   California State Bar No. 110984
5       Room 7516, Federal Building
        300 North Los Angeles Street
6       Los Angeles, California 90012
        Tel: (213) 894-6841; Fax: (213) 894-7819
7       E-mail: frank.kortum@usdoj.gov

8  Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ALEX BALEKIAN, M.D. and THE STATE OF CALIFORINIA, *ex rel.*, ALEX BALEKIAN, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSITY OF SOUTHERN CALIFORNIA and USC CARE MEDICAL GROUP, INC., <br><br> Defendants. | No. CV 20-03176-ODW (JPRx) <br><br> STATEMENT OF INTEREST BY THE UNITED STATES REGARDING UNSEALING COMPLAINT; DECLARATION OF FRANK D. KORTUM <br><br> **[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)]** <br><br> [LODGED CONCURRENTLY HEREWITH: (1) [PROPOSED] ORDER UNSEALING COMPLAINT] |

## I. INTRODUCTION

The United States of America (the "government" or the "United States") files this Statement of Interest ("SOI") pursuant to 28 U.S.C. § 517[1] for the purpose of suggesting that the Court unseal the *qui tam* complaint (the "Complaint") filed in this action. As explained more fully below,

A. *Qui tam* plaintiff ("Relator") Alex Balekian filed the Complaint under the False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA")).

B. After the government declined to intervene in this action, the Court issued an order (pursuant to stipulation) that permitted the Relator to file a motion to keep the Complaint under seal (the "Sealing Motion") by February 11, 2021. The Relator has not yet filed a Sealing Motion.

C. Unsealing the Complaint is consistent with policies (1) favoring the public's right of access to the records of judicial proceedings; and (2) discouraging subsequent *qui tam* complaints based on substantially similar allegations.

D. This SOI will further the interests of justice in that
   1. the above-referenced stipulation did not contain an argument setting forth in detail the legal basis for unsealing the Complaint; and
   2. this SOI sets forth such an argument, thereby facilitating resolution of the unsealing issue on the merits.

E. Relator and the United States have discussed the issues raised in the SOI (the "Sealing Issues") but have been unable to resolve those issues.

F. Relator has declined to agree to a briefing schedule proposed by the United States for the purpose of establishing an orderly process for bringing the Sealing Issues to the Court's attention. The United States respectfully requests that if Relator does not respond to the SOI within a reasonable time, the Court

---

[1] 28 U.S.C. § 517 provides in relevant part that "any officer of the Department of Justice[] may be sent by the Attorney General to any . . . district in the United States to attend to the interests of the United States in a suit pending in a court of the United States . . . ."

1

should decide the Sealing Issues based on an independent review of the points and authorities set forth in this SOI.

G. If the Court orders the Complaint unsealed, the United States respectfully requests that the Court also order the unsealing of this SOI (along with any response to or reply in support of this SOI).

H. Pursuant to this Court's order of January 25, 2021, all other documents on file in this action should remain sealed.

## II.   STATEMENT OF FACTS

On April 6, 2020, Relator filed the Complaint under seal against the University of Southern California and USC Care Medical Group, Inc., on behalf of both the United States and the State of California ("California").  The United States and California subsequently notified the Court of their respective elections to decline intervention in this action.  The United States subsequently disagreed with Relator's assertion that the Complaint should remain sealed in order to prevent the disclosure of his identity.  A stipulation lodged on January 25, 2021, reflected agreement to (A) dismissal of the action; and (B) unsealing the Complaint unless Relator filed a motion, on or before February 11, 2021, to request that it be kept sealed (the "Sealing Motion").  The Court issued an order (also dated January 25, 2011 (the "Order")) adopting the above-referenced provisions.[2]  As of July 16, 2021, Relator had not filed a Sealing Motion.

On July 16, 2021, the undersigned counsel sent a draft of this SOI to counsel for Relator, along with a draft proposal for a briefing schedule.  Declaration of Frank D. Kortum ¶ 2 & Exh. "A."  The proposed briefing schedule would have given Relator with an additional opportunity to be heard regarding the Sealing Issues, and would have established an orderly process for presenting the Sealing Issues to the Court.  On July 28,

---

[2] Although the Order established a procedure for the parties to address whether the Complaint should be unsealed, it also adopted a provision in the stipulation that "all other papers filed or lodged . . . in this action shall remain under seal . . . ." Order ¶ 2. This SOI accordingly addresses only whether the Complaint should be unsealed; pursuant to the terms of the Order, any previously-filed seal extension requests should remain under seal regardless of how the Court rules on the issues raised in the SOI.

1  2021, counsel for Relator declined to agree to a briefing schedule and asserted that the
2  SOI would be "untimely." *Id.* ¶ 3 & Exh. "A." On August 3, 2021, counsel for the
3  United States responded to the issues raised in the July 28 message, and suggested a
4  further discussion of the issues. *Id.* ¶ 4 & Exh. "A." As of August 9, 2021, counsel for
5  Relator had not responded to the August 3 message. *Id.* ¶ 5.

### III.   A STATEMENT OF INTEREST IS APPROPRIATE HERE

An SOI enables an authorized representative of the Attorney General to make "the [government's] interests" known to the courts. 28 U.S.C § 517. An SOI may express the views of the United States "on relevant issues" affecting those interests. *Wortman v. All Nippon Airways*, 854 F.3d 606, 617 (9th Cir. 2017).[3]

"[T]he scope of 28 U.S.C § 517 is broad, and generally favors allowing [SOIs]." *Continental Auto. Sys., Inc. v. Avanci, LLC*, 485 F.Supp.3d 712, 724 (N.D. Texas 2020); *accord Vassallo v. Rural/Metro Corp.*, No. CV-15-00119-PHX-SRB, 2017 WL 4570706 at * 3 (D. Ariz. Oct. 5, 2017). For example, in FCA cases courts have allowed the United States to file SOIs that make "factual claims and requests for relief" or suggest "a particular disposition" (*Vassallo*, 2017 WL 4570706 at *3), and have excused the United States from seeking leave of court before filing an SOI. *See Gil v. Winn Dixie Stores, Inc.*, 242 F.Supp.3d 1315, 1317 (S.D. Fla. 2017).[4] Thus, even in a *qui tam* case where

---

[3] "The United States need not be a party in a case to assert its interests [by filing an SOI] under § 517." *Miami Herald Media Co. v. Florida Department of Transportation*, 345 F.Supp.3d 1349, 1360 (N. D. Fla. 2018); *see also Sea Hunt, Inc. v. Unidentified, Shipwrecked Vessel or Vessels*, 22 F.Supp.2d 521, 526 (E.D. Va. 1998) (SOI was "the proper way for the United States to assert its interest" in a case in which it was not a party); *Trump v. Vance*, 395 F.Supp.3d 283, 296 (S.D.N.Y. 2019) (reporting that "the Justice Department has filed [an SOI] . . . rather than formally intervening as a party . . ."), *aff'd in part on other grounds*, 941 F.3d 631 (2d Cir. 2019), *aff'd in part on other grounds*, 140 S.Ct. 2412 (2020). Furthermore, the United States does not become a party by so asserting its interests. *Miami Herald*, 345 F.Supp.3d at 1364; *accord Flatow v. Islamic Republic of Iran*, 305 F.3d 1249, 1253 (D.C. Cir. 2002).

[4] An SOI in a declined *qui tam* action "is not a typical filing" and is exempt from rules governing "other types of filings." *A1 Procurement, LLC v. Thermcor, Inc.*, No. 2:15cv15, 2017 WL 2881350 at *2 (E.D. Va. July 5, 2017). For example, a party who files a motion must simultaneously file a notice that sets forth a hearing date. Fed.R.Civ.P. 6(c)(1); *see generally Rudiger Charolais Ranches v. Van de Graff Ranches*, 994 F.2d 670, 673 n.2 (9th Cir. 1993) (motion unaccompanied by a "notice of hearing"

3

the government has "not intervene[ed]," Section 517 provides "sufficient authority" for the United States to file an SOI. *See United States ex rel. Calilung v. Ormat Industries, Inc.*, No. 3:14-cv-00325-RCJ-VPC, 2015 WL 1321029 at *6 n.9 (D. Nev. March 24, 2015); *accord United States ex rel. Johnson v. Golden Gate National Senior Care, LLC*, No. 08-cv-1194 (DWF/HB), 2016 WL 11031222 at *1 (D. Minn. June 1, 2016).

The weight that a court gives to an SOI depends on whether it is useful or persuasive. *CTIA—The Wireless Association v. City of Berkeley*, 487 F.Supp.3d 821, 833-34 (N.D. Cal. 2020); *see also Continental Automotive,* 485 F.Supp.3d at 724 (finding that SOI "assist[ed] the Court" in evaluating the issue before it); *Johnson*, 2016 WL 11031222 at *2 (finding that SOI "will aid" the court "without overburdening . . . the parties"). Here, the United States respectfully suggests that this SOI is both useful and persuasive. First, it is useful because it allows the United States—without intervening in the action—to inform the Court of its position regarding the Sealing Issues, thereby furthering the interests of justice. The United States has not yet had an opportunity to present the arguments set forth in this SOI because the United States and Relator previously stipulated that the Complaint could be unsealed without further action if he had not filed a Sealing Motion by February 11, 2021,[5] and the stipulation was (as is typical) unaccompanied by a memorandum of points and authorities.[6] The United States

---

was "never properly before the district court."). By contrast, there is no requirement that the government accompany the filing of an SOI with a notice of a hearing date pursuant to Rule 6(c)(1). *See generally Creedle v. Gimenez*, No. 17-22477-Civ-WILLIAMS/TORRES, 2017 WL 5159602 at *2 (S.D. Fla. November 7, 2017) ("[n]o statute, rule or controlling case" sets forth a procedure that governs the filing of SOIs) (citation omitted). Finally, Local Rule 7-3 (which requires an informal meeting of counsel prior to the filing of a motion) does not by its terms apply to SOIs. Counsel for United States has nevertheless complied with the spirit of that rule by providing counsel for Relator with a draft of the SOI on July 16, 2021, and requesting a telephone conference to discuss it. Kortum Decl. Exh. A, Instead of calling counsel for the United States, counsel for Relator responded with an e-mail message stating that Relator objected to the SOI, and did not respond to a subsequent request for further discussion of the issues. *Id.*

[5] The Court may take judicial notice of whether its docket reflects that a document has been filed. *See generally Dorsey v. E.E.O.C.*, No. 09CV519 BEN AJB, 2010 WL 3894590 at *4 (S.D. Cal. Sept. 29, 2010).

[6] The arguments set forth in the SOI will be useful to the Court by facilitating an informed consideration of the Sealing Issues, thereby serving the "interests of justice."

4

respectfully suggests that even if Relator does not respond to the SOI, the SOI's "[written] argument" may help the Court to decide the Sealing Issues, thereby furthering the interests of justice. *See generally Thompson v. TRW Automotive, Inc.*, No. 2:09-cv-1375-JAD-PAL, 2014 WL 12781291 (D. Nev. June 2, 2014).

Second, the United States respectfully suggests that this SOI meets the standard for persuasiveness set forth in cases such as *CTIA*, 487 F.Supp.3d at 832-33 (evaluating SOI based on factors such as "the thoroughness evident in [the agency's] consideration, the validity of its reasoning, [and] its consistency with earlier pronouncements"). The Court should also consider the role of the Department of Justice ("DOJ") as the agency "charged with implementation and enforcement of the [FCA] . . ." and thus having "a recurring institutional interest with respect to [its] proper application." *United States v. Shire Regenerative Medicine, Inc.*, No. 8:11-CV-176-T-30MAP, 2017 WL 6816615 at *4 (M.D. Fla. Nov. 20, 2017) (DOJ analysis in FCA case found "highly persuasive").[7]

Finally, the Relator's assertion that the SOI is "untimely" (*see* Kortum Decl. Exh. "A") is without merit. Relator has offered no evidence that the passage of time since the January 25 stipulation has caused any specific prejudice (such as the fading memories of witnesses), and in the absence of such evidence his assertion of untimeliness has little or no relevance. *See generally*, *e.g.*, *Swartz v. Gold Dust Casino*, 91 F.R.D. 543, 548 (D. Nev. 1981); *Rappleyea v. Applica Consumer Prods., Inc.*, No. CV 04-0972-GAF (MCx), 2005 WL 5881785 at *2 (C.D. Cal. Oct. 24, 2005).

---

*See generally CTC Global Corp. v. Huang*, No. SACV 17-02202 AG (KESx), 2019 WL 4565180 at *2 (C.D. Cal. Aug. 7, 2019).

[7] As explained below, the United States has a particular interest in the proper application of the sealing provisions of the FCA so that they do not interfere with its corresponding significant policy interests in "promot[ing] broad access to court proceedings and records on matters of public concern." *United States v. Contents of Nationwide Life Insurance Co. Account*, No. C-1-05-196, 2006 WL 971978 at *2-3 (S.D. Ohio April 12, 2006) (recognizing "established presumption in *favor* of public access to both civil and criminal proceedings." (emphasis in original)). As also explained below, the proper application of the sealing provisions will also result in the public disclosure of the allegations in the Complaint, which will in turn increase the likelihood that the United States can successfully seek the dismissal of any subsequent *qui tam* complaints based on substantially similar allegations pursuant to the provisions of the FCA's Public Disclosure Bar (31 U.S.C § 3730(e)(4)(A)).

5

## IV. THE COURT SHOULD ORDER THE COMPLAINT UNSEALED IF RELATOR DOES NOT PROVIDE COMPELLING REASONS FOR IT TO REMAIN SEALED

The FCA requires a *qui tam* complaint to remain under seal during the period within which the government investigates a relator's allegations. 31 U.S.C. § 3730(b). The courts recognize that sealing a *qui tam* complaint "until the government decides whether to intervene" is an appropriate exception to the general rule recognizing a "strong presumption in favor of access to judicial documents." *See United States ex rel. Voss ex rel. Monaco Enterprises, Inc.*, No. 12-CV-0046-LRS, 2016 WL 9461778 at *1-2 (E.D. Wash. July 28, 2016); *accord United States v. University of Southern California*, No. CV 15-0396 FMO (PJWx), 2015 WL 13869063 at *1 (C.D. Cal. July 6, 2016); *see generally Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

The FCA sealing exception gives effect to the intent of Congress that the United States have an adequate opportunity to "study and evaluate the relator's information for possible intervention in the *qui tam* action" (*United States ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir. 1995)), while "prevent[ing] a defendant from being tipped off regarding a potential government investigation against it." *Millennium Laboratories, Inc. v Allied World Assurance Co.*, No. 12cv2280-H (KSC), 2013 WL 12073436 at *3 (S.D. Cal. Nov. 27, 2013); *accord United States v. Sunovian Pharmaceuticals, Inc.*, No. CV 14-1319-T-33MAP, 2016 WL 6071737 at *1 (M.D. Fla. Oct. 17, 2016). In other words, the FCA's sealing provisions reflect Congress's determination that when a relator files a complaint pursuant to the *qui tam* provisions of the FCA, the "strong presumption in favor of access to court records" (*Foltz*, 331 F.3d at 1135; *Voss*, 2016 WL 9461778 at *1-2) should temporarily give way so that the government can conduct an effective investigation into possible FCA violations. *See American Civil Liberties Union v. Holder*, 652 F.Supp.2d 654, 666 (E.D. Va. 2009) (government interest in effective FCA investigations "heavily outweigh[s]" public's

right of access to judicial records), *aff'd*, 673 F.3d 245 (4th Cir. 2011); *accord Voss*, 2016 WL 9461778 at *2.

The FCA contains no language suggesting that the purpose of sealing a *qui tam* complaint is to "protect the relator's identity." *Durham v. Prospect Waterproofing, Inc.*, 818 F.Supp.2d 64, 67 (D.D.C. 2011); *accord United States ex rel. Grover v. Related Companies, LP*, 4 F.Supp.3d 21, 27 (D.D.C. 2013). Accordingly, once the government completes its investigation and declines to intervene in a *qui tam* action (A) sealing the complaint is no longer justified; and (B) the declined *qui tam* action is effectively treated the same as "any other civil action in federal court." *United States ex rel. Aflatooni v. Kitsap Physicians Service*, 314 F.3d 995, 998 n.2 (9th Cir. 2002); *see also Voss*, 2016 WL 9461778 at *1 (requiring "compelling reasons" to maintain seal);[8] *Grover*, 4 F.Supp.3d at 27 (pleadings in FCA cases are "expect[ed]" to "eventually be unsealed").

This Court has discretion to determine what constitutes a "compelling reason" to seal a complaint. *Markel American Ins. Co. v. Internet Brands, Inc.*, No. CV 17-2429 (AJWx), 2017 WL 10433991 at *5 (C.D. Cal. Aug 2, 2017) (*citing Center for Auto Safety v. Chrysler Group, LLC*, 808 F.3d 1092, 1096-97 (9th Cir. 2016)). However, the Court's exercise of discretion must "start with a strong presumption in favor of access" (*Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)) that only "compelling reasons" can overcome. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Examples of reasons that courts have found to be "compelling" include "when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Auto Safety*, 808 F.3d at 1097 (internal quotation marks omitted); *accord Kamakana*, 447 F.3d at 1172.[9] Under the "compelling

---

[8] As discussed below, the standard for establishing such "compelling reasons" is addressed in cases such as *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[9] *Kamakana* involved a dispositive motion rather than a complaint. 447 F.3d at 1179. However, district courts have applied the *Kamakana* "compelling reasons"

7

reasons" test, the risk of embarrassment or loss of employment opportunities are not compelling reasons to seal court records. *United States ex rel. Herrera v. Bon Secours Cottage Health Services*, 665 F.Supp.2d 782, 785-86 (E.D. Mich. 2008); *see also Myles v. County of San Diego*, No. 15-cv-1985-Ben (BLM), 2017 WL 274829 at *2 (S.D. Cal. Jan. 19, 2017) (reputational harm does not justify sealing); *accord S.E.C. v. Kielbasa*, CV 13-91093-JLT, 2014 WL 12638850 at *1 (D. Mass. Jan. 6, 2014). Similarly, potential "loss of employment" does not justify sealing. *United States v. Air Industries Corp.*, No. CV 12-2188-JVS-RNB, 2016 WL 11515131 at *2 (C.D. Cal. Oct. 24, 2016); *accord Freeman v. U.S. Bank*, No. 10-CV-01544 RSM, 2014 WL 969642 at *2 (W.D. Wash. March 12, 2014); *United States v. Pella*, No. 06-mj-0161-RJJ, 2012 WL 5287898 at *1 (D. Nev. Oct. 24, 2012).

Thus far, Relator has presented no evidence that would overcome the strong presumption in favor of access to the Complaint here.[10] If Relator responds to this SOI, it will be incumbent upon him to present "compelling reasons" that unsealing the complaint will result in the types of harms identified in *Auto Safety*, such as the gratification of "private spite," the promotion of "public scandal," the circulation of "libelous statements," or the release of trade secrets. 808 F.3d at 1097. The Court should reject as irrelevant any assertion that unsealing would harm Relator's professional reputation or potentially cause loss of employment, because courts have uniformly held that such harm is not a "compelling reason" that overcomes the "strong presumption" in favor of access recognized in cases such as *Kamakana*, 447 F.3d at 1179. *See, e.g., Air*

---

standard to complaints as well. *See, e.g., Rieckborn v. Velti PLC*, No. 13-cv-138890-WHO, 2014 WL 4964313 at *2 (N.D. Cal. Oct. 3, 2014) (citations omitted).

[10] The United States of course would not object to a reasonable time for Relator to respond to the SOI. Notably, after reviewing a draft SOI, counsel for Relator stated that Relator "objected" to it on July 28, 2021 (Kortum Decl. Exh. "A"), thereby indicating his familiarity with the issues that it raised. Even if Relator does not respond to this SOI, the Court has discretion to independently evaluate the arguments set forth herein. *See generally In re Toyota Motor Corp. Unintended Acceleration [etc.] Products Liability Litig.*, 754 F.Supp.2d 1145, 1180 (C.D. Cal. 2010) (court independently evaluated merits of motion in the absence of opposition).

*Industries*, 2016 WL 11515131 at *2; *Herrera*, 665 F.Supp.2d at 785-86; *Myles*, 2017 WL 274829 at *2; *Freeman*, 2014 WL 969642 at *2; *Pella*, 2012 WL 5287898 at *1. The Court should therefore order the Complaint unsealed unless Relator submits a response to the SOI that includes evidence meeting the standards set forth above.[11]

Finally, the Court should also unseal the Complaint because recognition of the presumption in favor of public access to court records (such as the Complaint here) is essential to the implementation of the policy underlying the FCA's Public Disclosure Bar, which is codified at 31 U.S.C. § 3730(e)(4)(A).[12] Congress enacted the Public Disclosure Bar for the purpose of enabling the United States to seek dismissal of *qui tam* actions based on information already available to the public. *See generally Leysock v. Forest Laboratories, Inc.*, Civil Action No. 12-11354-FDS, 2017 WL 1591833 at *12 (D. Mass. April 28, 2017).[13] Specifically, allowing public access to the Complaint will result in a public disclosure of its allegations, which in turn is sufficient to trigger the Public Disclosure Bar. *See United States ex rel. Morgan v. Champion Fitness, Inc.*, 368 F.Supp.3d 1198, 1210 (C.D. Ill. 2019) ("Information in unsealed documents filed with a court is publicly disclosed" within the meaning of 31 U.S.C. § 3730(e)(4)(A)); *accord United States ex rel. McKenzie v. BellSouth Tel., Inc.*, 123 F.3d 935, 939-40 (6th Cir. 1997). By contrast, "a sealed *qui tam* complaint . . . is not a public disclosure" for

---

[11] By contrast, the "strong presumption" in favor of public access means that the United States need not introduce evidence that unsealing is in the public interest. *See, e.g., California ex rel. Lockyer v. Safeway, Inc.*, 355 F.Supp.2d 1111, 1124 (C.D. Cal. 2005).

[12] The FCA's Public Disclosure Bar applies to a *qui tam* complaint that contains "substantially the same allegations or transactions as alleged in [a previous] . . . action or claim" that was "publicly disclosed . . . ." 31 U.S.C. § 3730(e)(4).

[13] The Public Disclosure Bar seeks to prevent the "diver[sion]" of funds from the Treasury as a result of duplicative *qui tam* complaints. *See United States ex rel. Wenzel v. Pfizer, Inc.*, 881 F.Supp.2d 217, 222 (D. Mass. 2012); *accord United States ex rel. Bogina v. Medline Industries, Inc.*, 809 F.3d 365, 368 (7th Cir. 2016); *United States ex rel. Fryberger v. Kiewit Pacific Co.*, 41 F.Supp.3d 796, 803-04 (N.D. Cal. 2014). Congress enacted the Public Disclosure Bar in order to balance the "competing policies" of "encourage[ing] whistleblowers to act as private attorneys" under the FCA while "discourage[ing] opportunistic plaintiffs from bringing parasitic lawsuits . . . ." *Leysock*, 2017 WL 1591833 at *12.

9

purposes of the Public Disclosure Bar (*United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F.Supp.2d 25, 46-47 (D. D.C. 2007)), so that allowing the Complaint here to remain under seal will increase the risk of "future FCA suits . . . for similar conduct that would otherwise be prevented under the FCA's public disclosure bar." *United States ex rel. Wenzel v. Pfizer, Inc.*, 881 F.Supp.2d 217, 222 (D. Mass. 2012). This Court should therefore order the Complaint unsealed.

## VI.  CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court

A. Evaluate the merits of this SOI (as well as any response thereto that Relator may file); and

B. Order the unsealing of (1) the Complaint; (2) this SOI; (3) any response to the SOI that Relator may file; and (4) any reply in support of the SOI that the United States may file.

Dated:  August 11, 2021           Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
ROSS M. CUFF
Assistant United States Attorney
Deputy Chief, Civil Fraud Section

*/s/ Frank Kortum*
_____
FRANK D. KORTUM
Assistant United States Attorney
Attorneys for the United States of America

10

## DECLARATION OF FRANK D. KORTUM

I, Frank D. Kortum, declare and state as follows:

1. I am the Assistant United States Attorney who has been assigned responsibility for handling this action. I have personal knowledge of the facts set forth in this Declaration and if necessary could competently testify thereto under oath.

2. I sent an e-mail message to Mike Curtis, counsel for Relator in this action, on July 16, 2021. The July 16 message attached (1) a draft Statement of Interest; (2) a draft briefing schedule; (3) a proposed order unsealing the complaint; and (4) a proposed order regarding the briefing schedule.

3. Mr. Curtis responded to my July 16 message on July 28, 2021.

4. On August 3, 2021, I sent an e-mail message to Mr. Curtis in response to his July 28 message.

5. Attached hereto as Exhibit "A" are copies of the above-referenced messages, with the most recent message appearing on the first page of the exhibit. The attachments to the July 16 message are not included in Exhibit "A," but will be made available to the Court upon request.

6. As of August 9, 2021, I had not received a response from Mr. Curtis to my August 3 message.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 11, 2021 at Los Angeles, California.

*/s/ Frank Kortum*
FRANK D. KORTUM

11

**From:** Mike Curtis <mcurtis@bakerlp.com>
**Sent:** Tuesday, August 3, 2021 12:56 PM
**To:** Kortum, Frank (USACAC) <FKortum@usa.doj.gov>
**Subject:** Automatic reply: U.S. ex rel. Balekian v. University of Southern California, No. CV 20-3176 ODW (responding to your 7/28 message)

I am out of the office today.  Please contact Deborah Schwartz or Chris Baker with any time-sensitive matters.  You can reach them at dschwartz@bakerlp.com or cbaker@bakerlp.com.

_____

**From:** Kortum, Frank (USACAC)
**Sent:** Tuesday, August 3, 2021 12:56 PM
**To:** Mike Curtis <mcurtis@bakerlp.com>
**Subject:** RE: U.S. ex rel. Balekian v. University of Southern California, No. CV 20-3176 ODW (responding to your 7/28 message)

Mr. Curtis,

I'm writing in response to your 7/28 message.

1. Since you've declined to agree to a briefing schedule, we'll file the Statement of Interest ("SOI") without proposing one (although we'll inform the Court that (A) you declined to agree to a briefing schedule; and (B) the government won't object to a reasonable opportunity for you to respond to the SOI).
2. Your assertion that the SOI is "untimely" is without merit because the mere passage of time is irrelevant in the absence of specific evidence of prejudice that has occurred since the January 25 stipulation (such as the fading memory of witnesses).  Moreover, as the *LSP Transmission Holdings* court observed, it is solely within the Court's discretion to determine whether an SOI is useful.  Because the issue of whether this action remains sealed is ongoing and the Court has yet to review any briefing on the issue, it is both timely and appropriate for the Court to consider our SOI.
3. The SOI's statement that the relator failed to meet the Court-ordered February 11 deadline is accurate, notwithstanding your unsupported assertion to the contrary.  To avoid a dispute about a tangential issue of semantics, however, we've nevertheless revised the SOI to make the same statement without specifically referring to relator's failure to meet the deadline.
4. Although an SOI isn't subject to the requirements of Local Rule 7-3, I believe a telephonic conference to discuss the sealing issue within the next 7 days (rather than a further exchange of e-mails) would nevertheless be appropriate; if you agree please give me a call within that time period.  If we haven't heard from you by the close of business on 8/10, we'll proceed with filing the SOI (and will attach a copy of this message to it).

Frank Kortum (cell 213.393.5512)
_____
///

Exhibit A

**From:** Mike Curtis <mcurtis@bakerlp.com>
**Sent:** Wednesday, July 28, 2021 4:28 PM
**To:** Kortum, Frank (USACAC) <FKortum@usa.doj.gov>
**Subject:** RE: U.S. ex rel. Balekian v. University of Southern California, No. CV 20-3176 ODW (draft statement of interest regarding unsealing (and related documents) attached as discussed)

Frank,

I've reviewed the documents you sent.  My comments are as follows:

1. The parties stipulated on January 22, 2021 to dismissal of this action.  The Court entered the order dismissing the action and ending the case.  Relator believes any further filings improperly consume Court resources.  I did not see any authorities cited in the SOI concerning such a filing in a dismissed case.  Can you please direct me to it if I missed it?  One authority I am aware of is LSP Transmission Holdings, LLC v. Lange, 329 F. Supp. 3d 695, 703 (D. Minn. 2018), aff'd sub nom. LSP Transmission Holdings, LLC v. Sieben, 954 F.3d 1018 (8th Cir. 2020), which declined to consider an untimely SOI filed two and one-half months after briefing was completed on a motion to dismiss.  Here, the proposed SOI would be filed six months after the case was dismissed.
2. The January 22, 2021 stipulation allowed relator to file a motion to permanently seal by February 11, 2021.  His not doing so is not failing to meet a court deadline.  Please do not represent that relator failed to meet a court ordered deadline.
3. Relator does object to the Statement of Interest, for the above reasons, and does not agree to a briefing schedule.  Please do not include any contrary representations in any filings.

Sincerely,



**Mike Curtis**
Partner
Baker Curtis & Schwartz, P.C.
1 California Street, Suite 1250
San Francisco, CA  94111
mcurtis@bakerlp.com
O: 805-915-4748
web | bio | vcard

_____
///

**From:** Kortum, Frank (USACAC) [mailto:Frank.Kortum@usdoj.gov]
**Sent:** Wednesday, July 21, 2021 10:43 AM
**To:** Mike Curtis <mcurtis@bakerlp.com>
**Subject:** RE: U.S. ex rel. Balekian v. University of Southern California, No. CV 20-3176 ODW (draft statement of interest regarding unsealing (and related documents) attached as discussed)

Mike,

I just tried calling you; the reason for my call was to see if you'd had a chance to review my 7/16 message (below).   If you could give me a call back (or send me an e-mail) at your early convenience it would be much appreciated.

Frank Kortum (cell 213.393.5512)
_____


**From:** Kortum, Frank (USACAC)
**Sent:** Friday, July 16, 2021 3:08 PM
**To:** Mike Curtis <mcurtis@bakerlp.com>
**Cc:** mitch.neumeister@insurance.ca.gov; Carlotta Hivoral <Carlotta.Hivoral@doj.ca.gov>
**Subject:** U.S. ex rel. Balekian v. University of Southern California, No. CV 20-3176 ODW (draft statement of interest regarding unsealing (and related documents) attached as discussed)

Mike,

Pursuant to our phone conversation today, I've attached (1) a draft statement of interest regarding unsealing (and proposed order); and (2) a proposed briefing schedule (and proposed order).  As I mentioned during our conversation, the case is still under seal (according to PACER) notwithstanding our previously-filed stipulation; we therefore we believe that if the Court approves the proposed briefing schedule, a statement of interest is the best procedure under the circumstances to again bring this issue before the Court.  When you've had a chance to review these documents please give me a call.

Frank Kortum (cell 213.393.5512)

Exhibit A

PROOF OF SERVICE BY E-MAIL

I am over the age of 18 and not a party to the above-captioned action. I am employed by the Office of United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On August 11, 2021, I served the STATEMENT OF INTEREST BY THE UNITED STATES REGARDING UNSEALING COMPLAINT on each person or entity named below by e-mail, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).

Date of e-mailing: August 11, 2021. Place of e-mailing: Los Angeles, California. Person(s) to whom e-mailed:

CHRIS BAKER
cbaker@bakerlp.com
MIKE CURTIS
mcurtis@bakerlp.com
BAKER CURTIS & SCHWARTZ, P.C.
1 California Street, Suite 1250
San Francisco, CA 94111

MITCHELL S. NEUMEISTER
Mitch.Neumeister@insurance.ca.gov
CALIFORNIA DEPARTMENT OF INSURANCE
300 Capitol Mall, Fl. 16
Sacramento, CA 95814

CARLOTTA HIVORAL
carlotta.hivoral@dojca.ca.gov
CALIFORNIA DEPARTMENT OF JUSTICE
1615 Murray Canyon Road, Suite 700
San Diego, CA 92108

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 11, 2021, at Los Angeles, California.

/s/ Connie Hom
Connie Hom